THE STATE, ALFRED A. BRADSHAW ET AL., PROSECUTORS.
v. SAMUEL M. PARKER ET AL.

A person who voluntarily, and at his own expense, constructs and opens a public road which has previously been laid out under the provisions of "An act concerning roads," is not entitled to be reimbursed therefor by the township in which such road is located, and a resolution of town meeting, voting such reimbursement, is illegal and void.

On *certiorari.*

Argued at November Term, 1896, before Justices DEPUE, MAGIE and GUMMERE.

For the prosecutors, *David J. Pancoast.*

For the defendants, *Thomas E. French.*

The opinion of the court was delivered by

GUMMERE, J.   This writ brings up for review a resolution passed by the inhabitants of the township of Woolwich, in the county of Gloucester, at their annual town meeting held March 10th, 1896, ordering " that $1,400 be raised to pay Samuel M. Parker and his associates for work and expense on new road."

The evidence taken on the return of the writ discloses that the " new road," referred to in the resolution, was laid out in 1888, but that owing to extended litigation concerning it, and to the refusal of many of the inhabitants to obey the call of the overseer of highways to work on the road, there was a long delay in the making and opening thereof.   In this condition of affairs the defendants, Samuel M. Parker and his associates, who lived along the line of the proposed road, entered into the following agreement in relation to its opening :

" This agreement, made this 12th day of May, 1890, between Samuel M. Parker, B. Frank Rulon, J. S. and W. Gleason and Benjamin Shoemaker, for defraying the expenses of having a road opened from the Gloucester and Salem turnpike to the Kay's Mill road ; Samuel M. Parker to be to one-third of the expense so incurred ; J. S. and W. Gleason, one-fourth ; B. Frank Rulon and Benjamin Shoemaker to pay five-twelfths, to be equally divided between them."

Pursuant to their agreement, the defendants made and opened the road in question, and since its opening it has been in use by the public.   The money sought to be raised by the resolution under review is for the purpose of paying the defendants for the labor performed, materials furnished and moneys expended by them upon that work.

The power conferred upon townships to raise moneys at their annual town meetings, for road purposes, is limited ; such moneys can only be raised for the opening, making, working, repairing and keeping in good order the highways within their boundaries.   *Gen. Stat.*, p. 2814, § 39, *tit. "Roads;" Gen. Stat.*, p. 3583, § 11, *tit. "Townships."*   The purpose for which the moneys were voted by this resolution

is not embraced within the statutory provisions. The defendants, in making and opening the " new road," were volunteers, and the fact that what they did has resulted in a benefit to the public does not entitle them to be reimbursed out of the township funds. They stand in the same position, so far as any valid claim against the township is concerned, as if they had opened a highway through their own lands and dedicated it to the public use.

The resolution should be set aside, with costs.